# SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

1.  *Parties.* The parties to this Agreement are Valerie Figueroa (for yourself, your family, beneficiaries and anyone acting for you) ("you"), and ALDI (FLORIDA) L.L.C. ("ALDI").

You and ALDI are parties to a lawsuit now pending before the United States District Court for the Middle District of Florida, Tampa Division (the "Court"), Case No. 8:20-cv-02668-VMC-TGW, captioned as *Valerie Figueroa v. ALDI (Florida) LLC* (the "Lawsuit"), that raises claims under the Fair Labor Standards Act ("FLSA"). You and ALDI are interested in avoiding all further legal costs and disputes and in fully and expeditiously resolving all claims and issues of law or fact that were or could have been raised by you against ALDI in the Lawsuit as of the date you sign this Agreement.

2.  *Consideration.* In consideration of the other terms and conditions in this Agreement and subject to the conditions discussed below, ALDI agrees to pay the gross sum of $10,800.00 (Ten Thousand Eight Hundred Dollars and No Cents) to be apportioned as follows:

    (a) The sum of $3,200.00 (Three Thousand Two Hundred Dollars and No Cents) will be made payable to you as payment for your alleged unpaid wages. Applicable wage deductions and withholdings will be made from this sum.

    (b) The sum of $3,200.00 (Three Thousand Two Hundred Dollars and No Cents) will be made payable to you as payment for your alleged liquidated damages and interest on back wages. ALDI's receipt of an IRS Form W-9 completed and executed by you is a condition precedent to this payment.

    (c) The sum of $4,400.00 (Four Thousand Four Hundred Dollars and No Cents), for your attorney's fees and costs in connection with the Lawsuit, will be made payable to Lee Law, PLLC. The parties agree that this amount is reasonable in light of the court filing fee plus the fact investigation, complaint drafting, and settlement negotiation work performed by your counsel with respect to the Lawsuit. The parties also agree that the amount of fees and costs to be paid for settlement of your Lawsuit were separately negotiated. ALDI's receipt of IRS Forms W-9 completed and executed by Lee Law, PLLC and you are conditions precedent to this payment.

ALDI will report the payments above to the IRS as required by law. You acknowledge that you have not relied on any statements or representations by ALDI or its attorneys with respect to the tax treatment of the payments described in this section. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above (or any part thereof), you acknowledge and assume all responsibility for paying those amounts and further agree to indemnify and hold ALDI harmless for payment of any additional taxes and any interest and penalties thereon.

Both parties warrant that they are not aware of any attorneys' liens placed on this matter.

You agree that the payments above are consideration for the promises by you contained herein and that ALDI was not otherwise obligated to make these payments.

ALDI's obligations to make the payments above shall become due twenty (20) business days after (i) ALDI receives this Agreement executed by you and the completed and executed IRS Forms W-9 referenced above; and (ii) ALDI receives an order dismissing the Lawsuit with prejudice.

3.  **_Dismissal of Lawsuit_.** The parties agree that dismissal of the Lawsuit with prejudice, without assessment of attorneys' fees or costs, is a condition precedent to ALDI's promises in this Agreement. You agree to file or participate in the filing of a joint motion for approval of the settlement and dismissal of the lawsuit with prejudice and to take any other action that may be required to achieve that dismissal.

4.  **_Waiver and Release of Wage and Hour Claims_.** You irrevocably and unconditionally waive, release, and forever discharge ALDI (plus its parents, subsidiaries, affiliates, predecessors, successors and any other entity related to it and all of its and their past and present directors, officers, employees and anyone else acting for any of them – all together "Releasees") from any and all claims, damages, attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever asserted against or that could have been asserted against ALDI or any of the Releasees in the Lawsuit, including claims under any legal theory for failure to pay overtime, minimum, or regular wages for all hours worked under the FLSA or state or local law.

5.  **_Non-Admission_.** Neither ALDI's offer reflected in this Agreement nor any payment under this Agreement are an admission that you have a viable claim against ALDI or any other Releasee. Each Releasee denies all liability. The Parties agree that, except as otherwise provided herein, they shall bear their own respective attorneys' fees and costs. Neither you nor ALDI shall be viewed as a prevailing party by virtue of executing this Agreement.

6.  **_Applicable Law_.** This Agreement shall be interpreted under federal law if that law governs, and otherwise under the laws of Florida, without regard to its choice of law provisions.

7.  **_Court Approval_.** If the Court finds any part of this Agreement unenforceable, that part shall be modified or, if incapable of being modified, severed and the rest of this Agreement enforced, except that if any waiver or release set forth in Paragraph 4 is deemed to be illegal, invalid, or unenforceable in whole or in part, ALDI's obligations under this Agreement will be nullified.

8.  **_Enforcement_.** If you breach this Agreement, ALDI shall be entitled to preliminary and permanent injunctive relief plus attorneys' fees and costs ALDI incurs in enforcing this Agreement plus any additional relief determined to be appropriate. A decision not to enforce this Agreement does not waive any future violation.

9.  **_Entire Agreement_.** This Agreement, together with the "General Settlement and Release Agreement" that you and ALDI have separately executed, are the complete understanding between you and ALDI as to the settlement of any claims you may have against ALDI to date and replace any prior agreements, representations or promises, written or oral, regarding the settlement of your claims. You understand and agree that your arbitration agreement with ALDI remains in full force and effect for all purposes other than seeking the Court's approval of this Agreement.

10. ***Other Representations.*** You agree:

- You have had the opportunity to negotiate this Agreement with ALDI, and this Agreement shall not be construed for or against either party as a drafter of its terms;

- You were advised in writing, by getting a copy of this Agreement, to consult with an attorney before signing below; and

- You are signing this Agreement knowingly and voluntarily.

11. ***Counterparts.*** You and ALDI agree that this Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of signatures will be considered the equivalent of an original signature.

By: _____  12/28/2020  By: _____  12/30/2020
    VALERIE FIGUEROA       (Date)           ALDI (FLORIDA) L.L.C.   (Date)

                                       Name: _Matthew Thon_____

                                       Title: _Vice President_____

3