```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

VALERIE FIGUEROA,

        Plaintiff,

v.                                Case No. 8:20-cv-2668-T-33TGW

ALDI FLORIDA, LLC,

        Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of the parties' Joint Motion for Approval of Settlement and Dismissal of the Lawsuit with Prejudice (Doc. # 19), filed on December 31, 2020. The Court grants the Motion and dismisses this case with prejudice.

**I.  Background**

Plaintiff Valerie Figueroa filed this Fair Labor Standards Act (FLSA) case against her former employer, Aldi Florida, LLC, on November 13, 2020, alleging violations of the overtime provisions of the FLSA. (Doc. # 1). On December 8, 2020, the parties filed a joint motion to stay the proceedings, explaining that the parties agreed the dispute was subject to an arbitration agreement. (Doc. # 10). The

Court granted the motion and administratively stayed the case on December 9, 2020. (Doc. # 11).

On December 14, 2020, the parties filed a status report indicating they had settled the matter. (Doc. # 16). The Court subsequently reopened the case (Doc. # 18), and the parties filed a motion seeking the Court's approval of the settlement. (Doc. # 19).

On January 13, 2021, the Court directed the parties to provide more information as to the attorneys' billing records. (Doc. # 20). The Court also noted that "the goal of the FLSA is to ensure that 'the wronged employee should receive his full wages.'" (Id. (citation omitted)). To that end, the Court also directed Figueroa to provide a more detailed explanation of the discrepancy between her self-estimated unpaid wages and the settlement amount. (Id.).

The parties provided this information on January 20, 2021. (Doc. # 21). The Motion is now ripe for review.

II. **Discussion**

Figueroa alleges that Aldi violated the overtime provisions of the FLSA. (Doc. # 1). Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

2

The Court must consider several factors in deciding whether to approve a settlement agreement in an FLSA case. As explained in Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> if the parties submit a proposed FLSA settlement that,(1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Id.

Here, the parties have reached a settlement wherein it is agreed that Figueroa will receive $3,200 in back wages and $3,200 in liquidated damages. (Doc. # 19 at 2). Figueroa explains that this figure was reached after lengthy discussions between her counsel and Aldi's counsel. (Doc. # 21 at 2). During these discussions, counsel for Aldi "described to counsel for [Figueroa] a system that [Aldi] uses to ensure no employees are working off-the-clock and described video footage showing that the only times

[Figueroa] remained present in the store after clocking out, she is seen in the footage sitting in the manager's office playing on her personal cell phone, not working." (Id.).

Additionally, counsel for Aldi shared an analysis of timesheets and pay records, which showed that Figueroa "could not have worked overtime in many of the pay periods in which no overtime was recorded because of holidays, vacation, and other paid time off." (Id.).

After analyzing these facts and the expected testimony, Figueroa "continues to believe she is owed additional overtime." (Id.). However, she admits she is unable to "provide a detailed accounting of how much additional overtime she believes she is owed on a week by week basis." (Id.). Therefore, the parties agreed upon a settlement representing one additional hour of overtime a week plus liquidated damages. Figueroa's counsel, an experienced employment attorney, agreed with Aldi's counsel that this is a "fair and reasonable compromise in light of the facts of the case." (Id. at 3).

It has also been agreed that Figueroa's counsel will receive $4,400 in attorneys' fees and costs. (Doc. # 19 at 2). In the settlement agreement, the parties represent that the attorneys' fees and costs were separately negotiated.

4

(Doc. # 19-1 at 1). Figueroa states that her counsel expended more than thirteen hours on this matter, and counsel "regularly bills at an hourly rate of $400 per hour." (Doc. # 21 at 1). However, to facilitate a settlement, counsel "significantly reduced his attorney's fee to $3,900." (Id.). Other courts have found a discounted lodestar to be indicative of fairness, and the Court agrees that here the attorneys' fees seem reasonable in light of the actual hours spent on the case. See Morris v. S. Concrete & Constr., Inc., No. 8:16-CV-01440-DCC, 2019 WL 2083055, at *3 (D.S.C. May 13, 2019) (finding attorneys' fees of $10,888.69 reasonable when compared to the actual lodestar of $46,774.00).

Accordingly, pursuant to Bonetti and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case. The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of Settlement and Dismissal of the Lawsuit with Prejudice (Doc. # 19) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of January, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE